IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL L. FEIST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:08-cv-454-TFM |
| ) | [wo] |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Following administrative denial of his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C.§§ 401, *et seq.* and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42. U.S.C. §§ 1381, *et seq.*, Michael L Feist ("Feist" or "Plaintiff") received a requested hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision. When the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 636(c), and for reasons herein explained, the Court AFFIRMS the Commissioner's decision**.**

**I. NATURE OF THE CASE**

Feist requests judicial review of the Commissioner of Social Security Administration's decision denying his application for disability insurance benefits and

supplemental security income. United States district courts may conduct limited review of such decisions to determine whether they comply with applicable law and are supported by substantial evidence. 42 U.S.C. § 405 (2006). The court may affirm, reverse and remand with instructions, or reverse and render a judgment. *Id.*

## II. STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is narrowly circumscribed. The court reviews a social security case to determine whether the Commissioner's decision is supported by substantial evidence and based upon proper legal standards. *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner," but rather "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)); *see also Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (stating the court should not re-weigh the evidence). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999) (citing *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997)).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Lewis*, 125 F.3d at 1440 (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L.Ed.2d

842 (1971) and *MacGregor v. Bowen*, 785 F.2d 1050, 1053 (11th Cir. 1986)); *Foote*, 67 F.3d at 1560 (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401, 91 S.Ct. at 1427).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *see also Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005) (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) ("even if the evidence preponderates against the Secretary's factual findings, we must affirm if the decision reached is supported by substantial evidence.").  The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560 (citing *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986)).

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994) (internal citations omitted).  There is no presumption that the Secretary's conclusions of law are valid. *Id*.; *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991).

### III.  BACKGROUND AND PROCEEDINGS

Goodson claims disability because of severe pain in his back and legs.  (Tr. 50, 164).

He further asserts he suffers from a major depressive disorder. (Tr. 164). Following initial administrative denial of his claim, Feist requested a hearing before an administrative law judge ("ALJ") (Tr. 9). ALJ Robert Spurlin convened a video evidentiary hearing on September 20, 2007. (Tr. 161-175). Feist was represented by an attorney, Taylor Stewart Dobbs. ALJ Spurlin received direct testimony from Feist. The remaining evidentiary record consisted of medical reports from treating sources and residual functional capacity assessments completed by medical consultants who reviewed Feist's medical records upon request of Alabama Disability Determination Services.[1] ALJ Spurlin rendered an unfavorable verdict on October 15, 2007. (Tr. 10-20). On April 17, 2008, the Appeals Council denied Feist's request for review (Tr. 5-8). This Social Security Appeal was filed on June 10, 2008. *See* Doc. 1, Complaint.

## IV. ADMINISTRATIVE DECISION

### A.    Sequential Evaluation Process

The Commissioner utilizes a five-step, burden-shifting analysis to determine when claimants are disabled. 20 C.F.R. §§ 404.1520, 416.920 (2005); *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004). When a claimant is found disabled – or not – at an early step, remaining steps are not considered. *Id.* This procedure is a fair and just way for determining disability applications in conformity with the Social Security Act. *See Bowen*

---

[1] Brian Jenkins (Tr. 86-93). "A medical consultant is a person who is a member of a team that makes disability determinations in a State agency, as explained in § 404.1615, or who is a member of a team that makes disability determinations for us when we make disability determinations ourselves." 20 C.F.R. § 404.1616(a)(2005).

*v. Yuckert*, 482 U.S. 137, 153, 107 S. Ct. 2287, 2297, 96 L.Ed.2d 119 (1987) (citing *Heckler v. Campbell*, 461 U.S. 458, 461, 103 S. Ct. 1952, 1954, 76 L.Ed.2d66 (1983)) (The use of the sequential evaluation process "contribute[s] to the uniformity and efficiency of disability determinations").

The burden of proof rests on the claimant through Step 4. *See Phillips*, 357 F.3d at 1237-39. As such, the claimant bears the burden of proof for the following:

(1) Whether he is currently performing a substantial gainful activity;

(2) Whether he has a severe impairment;

(3) Whether that severe impairment meets or exceeds an impairment in the listings; and

(4) Whether he can perform her past relevant work.

*Phillips*, 357 F.3d at 1237-1239. A *prima facie* case of qualifying disability exists when a claimant carries the Step 1 through Step 4 burden. Only at the fifth step does the burden shift to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functioning Capacity ("RFC"). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments, and is based on all relevant medical and other evidence. *Id*. Morever, it can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*.

at 1239. In order to do this, the ALJ can either use the Medical Vocational Guidelines[2] ("grids") or call a vocational expert. *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each of these factors can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*. Otherwise, the ALJ may use a vocational expert. *Id.* A vocational expert is an expert on the kinds of jobs an individual can perform based on her capacity and impairments. *Id*. In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments. *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999) (citing *McSwain v. Bowen*, 814 F.2d 617, 619-20 (11th Cir. 1987)).

## B.    Findings and Conclusions

Employing the five step process, ALJ Spurlin found that Feist has not engaged in substantial gainful activity since the alleged onset date (Step 1); has severe impairments (Step 2)[3]; the impairments, considered individually and in combination, do not meet or equal in severity any impairment set forth in the listings (Step 3); and Feist can perform his past

---

[2]    *See* 20 C.F.R. pt. 404 subpt. P, app. 2

[3]    ALJ Spurlin found the following "severe" impairments: disorders of the back (discogenic and degenerative), low back pain, left hip pain, and left leg pain. (Tr. 15). He also found that Feist's alleged depression and mental impairments were not severe. (Tr. 15-16)

relevant work (Step 4). (Tr. 14-20). As such, Plaintiff <u>did not</u> establish his *prima facie* case, and the fifth-step analysis is not necessary.

At Step Four, ALJ Spurlin states he evaluated the entire record including Feist's RFC. (Tr. 17). Upon consideration of the record, ALJ Spurlin determined Feist retains the RFC to return to his past relevant work. (Tr. 17-20). Thus, the inquiry ends without further evaluation. Consequently, the ALJ found Feist has not been disabled since the alleged onset date. (Tr. 20).

### V. ISSUES

Feist raises three issues on appeal:

(1)   Whether the ALJ properly evaluated the credibility of Plaintiff's complaints of pain consistent with Eleventh Circuit law.

(2)   Whether the ALJ committed error by relying on the improper evidence to establish the Plaintiff's residual functional capacity.

(3)   Whether the ALJ committed error by failing to have a Vocational Expert to testify at the Administrative Hearing.

Pl. Br. at p. 4, 7, and 8.

The Commissioner recharacterizes the issues as "whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact are supported by substantial evidence on the record as a whole." Def. Br. at p. 2. The Commissioner also restates the issues as similarly worded by Feist. *Id.* Regardless, the Commissioner does specifically address the issues raised by Plaintiff.

### VI. DISCUSSION AND ANALYSIS

**A.     Whether the ALJ properly evaluated the credibility of Plaintiff's complaints of pain consistent with Eleventh Circuit law.**

Feist asserts the ALJ erred because he did not properly evaluate the credibility of Plaintiff's complaints of pain using the Eleventh Circuit Pain standard. Pl. Br. at 4-5. Specifically, Feist argues ALJ erred when he did not articulate his reasons for not fully crediting Plaintiff's testimony. *Id*.

To establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing:

(1)     Evidence of an underlying medical condition; <u>and either</u>

(2)     Objective medical evidence confirming the severity of the alleged pain; <u>or</u>

(3)     That the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)). If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so. *Wilson*, 284 F.3d at 1225 (citing *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)).

In the case at hand, although ALJ Spurlin does not specifically cite or refer to the language of the three-part test in *Holt*, his findings and discussion indicate that the standard was properly applied. *See Wilson*, 284 F.3d at 1225-26 (the ALJ did not cite or refer to the language of the three-part test in *Holt*, but the findings and discussion indicated that the

standard was applied). Further, ALJ Spurlin cites to 20 C.F.R. § 404.1529 which "contains the same language regarding subjective pain testimony" that the Eleventh Circuit interpreted when initially establishing the three-part pain standard. *Id*. at 1226 (citations omitted); *see also* Tr. 17-18 (for ALJ Spurlin's reference to and application of statute). Based on the above, ALJ Spurlin clearly applied the proper pain standard.

Furthermore, ALJ Spurlin specifically articulated a number of findings. First, he stated: "After considering the evidence of the record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (Tr. 19). ALJ Spurlin provided a detailed description of Plaintiff's medical records. (Tr. 16-19). Additionally, ALJ Spurlin provided a detailed list of Plaintiff's daily activities. (Tr. 19). He further noted the inconsistencies regarding Feist's testimony when he stated "[t]he claimant also provided inconsistent information regarding daily activities. He testified that he can sit for about 10 minutes, but he also testified that he sits in his room draws pictures, [and] watches television." ALJ Spurlin also noted "[a]lthough the inconsistent information provided by the claimant may not be the result of a conscious intention to mislead, nevertheless the inconsistencies suggest that the information provided by the claimant generally may not be entirely reliable." *Id*.

In sum, ALJ Spurlin considered Plaintiff's activities of daily living, the frequency of his symptoms, medical records, and Plaintiff's own testimony and concluded that Plaintiff's

subjective complaints were inconsistent with his testimony and medical record. Based on the above, this Court finds the ALJ made a reasonable decision to reject Plaintiff's subjective testimony, articulating, in detail, the contrary evidence as his reasons for doing so. Applying the pain standard, ALJ Spurlin properly considered Plaintiff's assessment of his pain level, and determined that it was not credible to the degree alleged because the objective evidence did not confirm the severity of Plaintiff's alleged limitations. Consequently, the third prong of the *Holt* pain standard was not met. *Wilson*, 284 F.3d at 1226. Accordingly, the determination was based on substantial evidence and a correct application of the law.

Based on the above information, there was substantial evidence for ALJ Spurlin to determine Plaintiff can perform past relevant work (Step 4). As such, ALJ Spurlin's determination that Plaintiff is not disabled within the meaning of the Social Security Act is supported by substantial evidence.

**B.     Whether the ALJ properly evaluated the medical opinions of the record**

Feist alleges the ALJ gave more weight to the consultative medical consultant's opinion without attempting to discredit the opinions of his treating physicians. The regulations give preference to the opinion of the treating physicians. 20 C.F.R. § 404.1527(d)(2). However, "the ALJ has the discretion to weigh objective medical evidence and may choose to reject the opinion of a treating physician while accepting the opinion of a consulting physician..[but] if he follows that course of action, he must show "good cause" for his decision." *Gholston v. Barnhart*, 347 F.Supp.2d 1108, 1114 (M.D. Ala. 2003); *see*

*also Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir.2003) (quoting *Lewis,* 125 F.3d at 1440) (The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary."). "'Good cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips*, 357 F.3d at 1241 (quoting *Lewis*, 125 F.3d at 1440). In other words, the Eleventh Circuit has found good cause for discounting a treating physician's report when the report "is not accompanied by objective medical evidence or is wholly conclusory." *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1159 (11th Cir. 2004) (quoting *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir.1991)). Additionally, there is good cause where the treating physicians' opinions are "inconsistent with their own medical records[.]" *Roth v. Astrue*, 2007 WL 2782051 (11th Cir. 2007) (unpublished opinion) (citing *Lewis*, 125 F.3d at 1440). However, the ALJ must clearly articulate his reasons for disregarding the opinion of a treating physician. *Id.* Thus, "[w]hen the ALJ articulates specific reasons for not giving the treating physician's opinion controlling weight, and those reasons are supported by substantial evidence, there is no reversible error." *Schuhardt v. Astrue*, 303 Fed. Appx. 757, 759 (11th Cir. 2008) (unpublished opinion) (citing *Moore*, 405 F.3d at 1212).

ALJ Spurlin provided a detailed summary of Feist's medical records . (Tr. 16-19). In addition, Brian Jenkins examined Feist at the request of the Social Security

Administration. (Tr. 83-93). ALJ Spurlin specifically notes that he "gives little weight to the opinion of the claimant's treating physician's because there *[sic]* opinions are inconsistent with the evidence of record." (Tr. 19). Feist avers this is an error because the ALJ did not attempt to discredit the opinions of Feist's treating physicians, but instead relied on the State Agency medical consultant who is not an actual medical doctor. Pl. Br. at 8.

In his brief, Feist also points to the fact the ALJ found that the newer additional evidence, including the MRI, does not provide any new or material information as to the medical consultant's RFC determination. *See* Pl. Br. at 8. Furthermore, Feist acknowledges that he has limited medical records, but states they still support a finding of disabled. *Id.* at 6. ALJ Spurlin also noted the significant gaps in Plaintiff's treatment. (Tr. 18-19).

As previously discussed, ALJ Spurlin gave a detailed summary of Plaintiff's medical records. He also gave explicit reasons as to why he rejects the opinion of Dr. Lindsay. (Tr. 18-19). ALJ Spurlin noted that while Dr. Lindsay said Plaintiff's 2005 X-Ray showed degenerative disease and mild narrowing, the actual report shows a normal lumbar spine. The ALJ further discussed Plaintiff's use of a cane in that medical records note the use of a cane, but no doctor prescribed it. Next, the ALJ specifically addressed the 2007 MRI and the findings resulting from it. (Tr. 19). That is, the Medical Consultant had already considered the fact that Plaintiff had mild lumbar problems when it made its original RFC determination. *Id.* Finally, ALJ Spurlin addressed Plaintiff's daily activities. *Id.* ALJ Spurlin acknowledges that Feist's described activities are fairly limited, but concludes the

limitations cannot be supported by the medical evidence or with any objective medical certainty. *Id*.

It is not for this Court to reweigh the evidence, but rather to determine whether the ALJ has articulated sufficient reasons for his decision. In terms of his reliance on the Medical Consultant's opinion, the Court finds no error as he gave specific, supported reasons for doing so. The Court also finds no error in that the ALJ determined that the 2007 MRI results would not have altered the State Agency's RFC assessment.

## C.   Whether the ALJ erred in not calling a Vocational Expert to testify

Feist alleges the ALJ erred in not having any vocational expert testimony. Pl. Br. at 8-9. As noted by the Commissioner, testimony from a vocational expert was not required because the ALJ determined Feist is capable for performing past relevant work. Specifically, the Eleventh Circuit has held that vocational expert testimony is not necessary if the plaintiff has not proven inability to return to his past relevant work. *Lamb v. Bowen*, 847 F.2d 698, 704 (11th Cir. 1988) (citing *Schnorr v. Bowen*, 816 F.2d 578 (11th Cir.1987); *Chester v. Bowen*, 792 F.2d 129 (11th Cir.1986)). Therefore, in this case, the Court finds no error in that the ALJ did not solicit vocational expert testimony.

## VII.   CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion and Order*, the Court concludes that the ALJ's non-disability determination and denial of benefits is supported by substantial evidence and no legal error was committed. It is, therefore,

**ORDERED** that the decision of the Commissioner is **AFFIRMED**.  A separate judgment is entered herewith.

DONE this 13th of October, 2009.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE